# In the United States Court of Federal Claims

No. 19-1747C
(Filed: January 9, 2023)
**FOR PUBLICATION**

***************************************
|||
|---|---|
| DOE NO. 1, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

***************************************

*Daniel M. Rosenthal*, James & Hoffman, P.C., Washington, D.C., for Plaintiff. With him on briefs was *Michael Ellement*, James & Hoffman, P.C., Washington, D.C., as well as *Linda Lipsett* and *Jules Bernstein*, Bernstein & Lipsett, P.C., Washington, D.C.

*Sarah E. Kramer*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant, United States. With her on briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Plaintiff[1] — an intelligence analyst with the Federal Bureau of Investigation ("FBI") — alleges that the government failed to pay him for all the time he spent outside regular working hours completing the FBI Basic Field Training Course ("BFTC"). He seeks backpay and related forms of relief under the Fair Labor Standards Act ("FLSA") and other statutes.

Two motions are ripe for decision. First, the government moves to certify this Court's order denying summary judgment for interlocutory appeal under 28 U.S.C.

---

[1] This case is subject to a protective order to avoid disclosing Plaintiff's identity. *See* Protective Order (ECF 30); Amended Protective Order (ECF 53).

§ 1292(d)(2), and to stay the case during appellate proceedings.[2] Second, Plaintiff has filed an unopposed motion for notice to similarly situated individuals under Section 16(b) of FLSA, 29 U.S.C. § 216(b).[3]

The former motion is **GRANTED IN PART** and **DENIED IN PART**, for while the requirements for an interlocutory appeal are met, there is no reason to stay the case unless the Court of Appeals for the Federal Circuit grants an interlocutory appeal. The latter motion is **GRANTED**.

## BACKGROUND

The facts of the case are set out more fully in the Opinion & Order denying summary judgment. Briefly, when Plaintiff began his role as an intelligence analyst, he had to meet certain standards and requirements, one of which was completing the BFTC. Doe No. 1 Decl. ¶¶ 5–7, 19–20 (ECF 54-1); Def.'s Appendix at 32–33 (ECF 48-1). Some of the activities required to complete the BFTC were scheduled outside working hours or had to be completed on Plaintiff's own time. Doe No. 1 Decl. ¶ 21. Plaintiff claims that although he worked more than 8 hours per day and 40 hours per week during the BFTC, he was not compensated for all overtime hours. *Id.* The parties have stipulated that "there have been no material differences in the graduation requirements, the instructions given, or … the compensation" for intelligence analysts in the BFTC since Plaintiff completed the course in 2018. *See* Stipulations of Fact (ECF 83-2).

The government moved for summary judgment on the ground that the BFTC is "entry-level training." Def.'s Mot. for Summ. J. at 10–13 (ECF 48); Def.'s Reply to Resp. to Mot. for Summ. J. at 11–16 (ECF 59). A FLSA regulation promulgated by the Office of Personnel Management ("OPM") provides that, with certain exceptions not relevant here, "[t]ime spent in apprenticeship or other entry level training … outside regular working hours shall not be considered hours of work, provided no productive work is performed during such periods[.]" *See* 5 C.F.R. § 551.423(a)(3). If Section 551.423(a)(3) applies, and if the BFTC is "entry-level training," Plaintiff's overtime would not be compensable.[4]

---

[2] *See* Op. & Order Denying Mot. for Summ. J. ("Op. & Order") (ECF 68); Def.'s Mot. to Certify Interlocutory Appeal & to Stay Proceedings Pending Appeal ("Def.'s Mot.") (ECF 81); Pl.'s Resp. to Mot. to Certify Interlocutory Appeal & to Stay Proceedings Pending Appeal ("Pl.'s Resp.") (ECF 82); Def.'s Reply to Resp. to Mot. to Certify Interlocutory Appeal & to Stay Proceedings Pending Appeal ("Def.'s Reply") (ECF 84).
[3] *See* Pl.'s Mot. for Notice ("Pl.'s Notice Mot.") (ECF 83); Pl.'s Corrected Proposed Notice & Consent Form ("Pl.'s Corrected Notice") (ECF 85-1).
[4] The parties appear to agree that the time in question was outside working hours and did not involve productive work. Op. & Order at 6 n.6.

I denied summary judgment, however, because Section 551.423(a)(3) is invalid. OPM's regulations implementing FLSA must be "consisten[t] with the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy." *Billings v. United States*, 322 F.3d 1328, 1333 (Fed. Cir. 2003) (quoting H.R. Rep. No. 93-913, at 28 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837–38); *Zumerling v. Devine*, 769 F.2d 745, 750 (Fed. Cir. 1985); *Am. Fed'n of Gov't Emps., AFL-CIO v. Off. of Pers. Mgmt.*, 821 F.2d 761, 769, 770 (D.C. Cir. 1987); *see also* 5 C.F.R. § 551.101(c). When OPM's regulations are inconsistent with those of the Department of Labor ("DOL"), a court must "determine whether the OPM interpretation of the statute is reasonable, as well as whether any difference between OPM's interpretation and the Labor Department standard is required to effectuate the consistency of application of the provision to both federal and non-federal employees." *Billings*, 322 F.3d at 1334. If the government cannot justify a deviation from DOL's regulations, then the OPM regulation is invalid. *See Am. Fed'n of Gov't Emps.*, 821 F.2d at 771.

Section 551.423(a)(3), I concluded, fails that test: The regulation "creates a categorical rule against overtime for entry-level training outside working hours that is not consistent with DOL's regulations, and Defendant has not justified the departure with any difference between federal and private employment." Op. & Order at 9. The government therefore "cannot rely on Section 551.423(a)(3) to obtain dismissal of this case or to refuse to pay overtime to trainees." *Id.*

## DISCUSSION

### I. Interlocutory Appeal

When this Court certifies, "in issuing an interlocutory order," that "[1] a controlling question of law is involved [2] with respect to which there is a substantial ground for difference of opinion and that [3] an immediate appeal from that order may materially advance the ultimate termination of the litigation," the Court of Appeals for the Federal Circuit may accept an appeal from the order upon a party's timely application. 28 U.S.C. § 1292(d)(2); *see, e.g.*, *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 13 (2001). The government argues that the validity of Section 551.423(a)(3) justifies such a certification. Although the question is close, I agree.

First, the validity of the regulation is a "controlling question of law," as this Court has understood that term. 28 U.S.C. § 1292(d)(2). A question of law is "controlling" when resolving it would "materially affect issues remaining to be decided in the trial court." *Coast Fed. Bank,* 49 Fed. Cl. at 13 (quoting *Pikes Peak Fam. Hous. LLC v. United States*, 40 Fed. Cl. 673, 686 (1998)); *see also, e.g.*, *Northrop*

*Corp., Northrop Elecs. Sys. Div. v. United States*, 27 Fed. Cl. 795, 799 (1993); *Fairholme Funds, Inc. v. United States*, 147 Fed. Cl. 126, 130 (2020).[5] That is plainly the case here. If Section 551.423(a)(3) is valid, the next important question before the Court would be whether the BFTC is "entry-level training," an issue that consumed much of the parties' original summary judgment briefing. *See* Def.'s Mot. for Summ. J. at 11–13; Pl.'s Opp. to the Govt.'s Mot. for Summ. J. at 10–17 (ECF 54); Def.'s Reply in Supp. of Mot. for Summ. J. at 11–14. But because I held that Section 551.423(a)(3) is not valid, I did not need to reach that question (or related issues) at summary judgment. *See* Op. & Order at 4 n.3.[6] The parties would have to contest different issues if they litigate the case further. *See Coast Fed. Bank,* 49 Fed. Cl. at 13 (deeming a question "controlling" because it determines the parties' subsequent litigation conduct). This case's decisional path — including the factual and legal issues that would need to be developed and resolved before judgment — thus depends in large part on the validity of Section 551.423(a)(3). The validity of Section 551.423(a)(3) is "controlling" in the sense that it dictates which direction the litigation will take. *Fairholme Funds,* 147 Fed. Cl. at 130 (finding an issue controlling because it "could significantly affect the issues to be tried").

Second, resolution of that question "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). Even assuming the invalidity of Section 551.423(a)(3) resolves liability against the government, *see* Pl.'s Resp. at 4, there may still be other contested issues to address before final judgment — at a minimum, the computation of damages. If the Federal Circuit concludes after a final judgment that Section 551.423(a)(3) is in fact valid, the case would have to be remanded for additional proceedings, and possibly more discovery, on the question whether the BFTC is entry-level training. If the government prevails on *that* question, this Court's proceedings in the meantime may end up largely wasted. A definitive answer on Section 551.423(a)(3) could therefore lead to a faster and more efficient resolution of the case. *Fairholme Funds*, 147 Fed. Cl. at 130–31.

---

[5] Contrary to Plaintiff's suggestion, a question of law can be controlling even if resolving it leaves factual issues for resolution in the lower court. *See, e.g., Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1339 (Fed. Cir. 1988) (deciding interlocutory appeal of lower court denial of motion to disqualify); *Stephenson v. United States*, 33 Fed. Cl. 63, 80 (1994) (allowing interlocutory appeal from denial of summary judgment when resolution of question of law "might significantly shorten the litigation"); *see also Coast Fed. Bank*, 49 Fed. Cl. at 13. None of Plaintiff's cases stands for the proposition that a controlling question must obviate resolution of factual questions altogether.

[6] The government is flatly wrong to speculate that holding Section 551.423(a)(3) invalid "implicitly recognizes" that the BFTC is an entry-level course. Def.'s Reply at 2 n.2. When this Court can decide a motion on different grounds, it has discretion to choose certain grounds over others. Making that choice does not "implicitly" decide anything in the losing party's favor, nor does it render the Court's decision an "advisory opinion." *Id*.

Third — although the issue is close — I conclude that "there is a substantial ground for difference of opinion" on the validity of Section 551.423(a)(3). 28 U.S.C. § 1292(d)(2).

The government's arguments for a difference of opinion largely resemble its arguments for summary judgment, which I of course have already rejected. As mentioned, OPM's regulations are supposed to be consistent with DOL's, all things being equal, *Billings*, 322 F.3d at 1333, and the government still cannot identify anything in DOL interpretations of FLSA that categorically excludes overtime for entry-level training. Even if the BFTC were entry-level training, excluding overtime from compensation on that ground alone would not be consistent with DOL's regulations.

OPM's regulations may depart from DOL's when "required to effectuate the consistency of application of the provision to both federal and non-federal employees." *Id.* at 1334. The government, though, has never had a convincing theory that depriving federal entry-level employees of overtime, but not entry-level employees in "other sectors of the economy," would make FLSA *more* "consisten[t]." *Id.* at 1333–34. The government cites the Government Employees Training Act ("GETA"), a statute that (when it applies) bars federal employees from receiving overtime for training. 5 U.S.C. § 4109. But the government does not explain why GETA matters when FLSA applies instead. Op. & Order at 8; *see* Def.'s Mot. at 12, 14. The government agrees, rather, that "GETA and the FLSA are different statutes with the 'border' between them determined by regulation." *Id.* at 14; *see* Op. & Order at 8. The government does not disagree that FLSA applies here, and given OPM's decision to allow FLSA overtime compensation for some training, 5 C.F.R. § 551.423, GETA is beside the point. The government also refers to OPM's authority to define "work," 5 U.S.C. § 5542(c), but concedes that "OPM did not change the FLSA hours of work rules." Def.'s Mot. at 13 (citing 5 C.F.R. § 551.401).

The government does not identify any specific error in the reasoning of my summary judgment order. The government's only new argument is that *Billings* at most binds OPM to consistency with DOL's "legislative rules," and that the "principle should not be stretched further to allow DOL's *interpretive* rule to invalidate a regulation that OPM issued pursuant to notice-and-comment rulemaking." Def.'s Mot. at 10–11. Yet *Billings* itself described its rule as including all "rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy," 322 F.3d at 1333, and the government cites no authority for a narrow reading. This Court should apply *Billings* as written, not constrict it by hacking off pieces of the Federal Circuit's reasoning.

But although I find the government's arguments unconvincing on the merits, I nonetheless see substantial grounds for a difference of opinion. The most common way to establish such a difference is through the actual disagreements of federal courts, *see United Launch Servs., LLC v. United States*, 139 Fed. Cl. 721, 724 (2018), yet certification is also appropriate where the law is subject to "two different, but plausible, interpretations," *id.* (quoting *Klamath Irr. Dist. v. United States*, 69 Fed. Cl. 160, 163 (2005) (itself citing *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 (Fed. Cir. 2001))), or where an issue is simply "thorny," *see Fairholme Funds*, 147 Fed. Cl. at 130; *see also Coast Fed. Bank*, 49 Fed. Cl. at 14. Here, moreover, the government is obviously correct that federal employees' right to overtime compensation for training involves a complex set of statutes and regulations that differ from those applicable in other employment settings. The relationship between FLSA and statutes specific to federal employees has often been ambiguous. *See, e.g.*, *Alamo v. United States*, 850 F.3d 1349, 1353 (Fed. Cir. 2017) (observing that "Congress created a 'flotsam of incomplete legislation' when it extended the FLSA to cover federal employees already covered by [U.S.C.] Title 5," and that the resulting statutory provisions "do not mesh with the machined precision of the gears in a Swiss watch") (quoting *Abreu v. United States*, 948 F.2d 1229, 1236 (Fed. Cir. 1991)). I therefore conclude that this Court's order satisfies the three elements necessary for certification under 28 U.S.C. § 1292(d)(2).

The government has requested that the case be stayed pending the interlocutory appeal. *See* 28 U.S.C. § 1292(d)(3). This Court has discretion to stay its cases for the sake of judicial economy. *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Because I am skeptical that the government could prevail on the question at issue, and because the Federal Circuit has complete discretion to decline an interlocutory appeal even when it could be proper to accept it, *Coast Fed. Bank, FSB v. United States*, 6 F. App'x 882, 883 (Fed. Cir. 2001), staying the case now would serve no purpose. The stay is therefore denied without prejudice. If the Federal Circuit accepts an appeal, the parties may revisit the propriety of a stay.

## II. **FLSA Notice**

Plaintiff has moved for court-issued notice "to past and present employees of the [FBI] who occupied non-supervisory [intelligence analyst] positions in occupational series GS-0132 and attended the [BFTC] within three years prior to the

date of sending the notice." Pl.'s Notice Mot. at 1.[7] The government does not oppose, *see id.*; Def.'s Reply at 8 n.7, and I agree that notice is appropriate.

Section 16(b) of FLSA entitles employees to bring claims on behalf of themselves and those who are "similarly situated." 29 U.S.C. § 216(b). Similarly situated individuals can choose to opt in to a FLSA case by submitting joinder notices. The statute also authorizes courts to facilitate joinder by issuing notice to similarly situated third parties. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989). But as this Court explained in *Valte v. United States*, the standards for determining whether to issue notice are unsettled. 155 Fed. Cl. 561, 566–73 (2021). Contrary to cases that have approached FLSA notice with inaccurate analogies to class action procedures, *see, e.g.*, *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), *mandamus granted on other grounds sub nom. Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), notice is a case-management device for ensuring orderly, voluntary joinder of individuals likely to be "similarly situated" to the original plaintiff. *Valte*, 155 Fed. Cl. at 573; *see also Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 443 (5th Cir. 2021). "When a similarly situated group exists, early notice is likely to be consistent with FLSA and good case management practices — subject of course to the Court's discretion." *Valte*, 155 Fed. Cl. at 574 (citing RCFC 83(b) & 16(b)).

For the Court to issue notice, Plaintiff must first show that he is likely to be "similarly situated" to the people who would receive the proposed notice. *Id.* at 574–75. In other words, it must be likely that Plaintiff's experience with the BFTC in 2018 was similar to that of individuals with similar FBI roles who participated more recently.

Plaintiff has made that showing. The parties have not undertaken to define what it means to be "similarly situated" for purposes of FLSA notice. *Id.* at 571 (suggesting avenues for developing a test consistent with the statute's text). But whatever the niceties of the standard might be, they are surely satisfied by stipulations (or evidentiary proof) establishing that a plaintiff and absent third parties were in a materially similar work environment and subject to the same time expectations and payment policies. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 (explaining that notice enables "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged … activity"). As mentioned, the parties have stipulated that "there have been no material differences in the graduation requirements, the instructions given, or … the compensation" for

---

[7] The notice form has been provided to the Court, *see* Notice of Corrected Proposed Notice & Consent Form (ECF 85), and appears to be substantively adequate. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) (notice should avoid the appearance of judicial endorsement or "solicitation of claims").

intelligence analysts in the BFTC since Plaintiff completed the course in 2018. *See* Stipulations of Fact (ECF 83-2). Those individuals are therefore similarly situated to Plaintiff.

Plaintiff must also justify notice as an exercise of judicial discretion that furthers case management interests such as "timely opt-in by people entitled to proceed collectively, maintenance of orderly case deadlines, and supervision of communications about the case with potentially interested non-parties." *Valte*, 155 Fed. Cl. at 573 (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 171–72, and *Briggs v. United States*, 54 Fed. Cl. 205, 206–07 (2002)). That standard is met here too. Based on the parties' stipulations, it appears that the individuals who would receive notice have claims much like Plaintiff's. An orderly process for notifying and joining similarly situated FBI employees who wish to participate would likely further FLSA's aim of "efficient resolution in one proceeding of common issues of law and fact[.]" *See Hoffmann-La Roche Inc.*, 493 U.S. at 170.

## CONCLUSION

For the foregoing reasons, the government's motion for certification for interlocutory appeal under 28 U.S.C. § 1292(d)(2) (ECF 81) is **GRANTED IN PART** and **DENIED IN PART**. The Court's order denying summary judgment shall be certified for interlocutory appeal, but the case shall not be stayed at present.

The motion for court-issued notice (ECF 83) is **GRANTED**. The parties shall follow the procedure for notice proposed in the motion:

> Subject to the protective order in this case, Defendant will provide Plaintiff's counsel the names, email, and postal addresses of potential plaintiffs within 20 days of the date the Court enters an order granting this motion. Plaintiff's counsel will then promptly send the notice by email and first-class mail along with an enclosed self-addressed stamped envelope to potential plaintiffs for return by no later than 90 days from the date the notice is mailed. Plaintiff's counsel will advise the Court and Defendant's counsel when the notice has been sent and the deadline for returning consent forms.
>
> The email will contain only the Court-approved notice and no other language. The subject line of the email will be "Legal Notice and Opportunity to Join Lawsuit." The envelope sending the notice to postal addresses will contain only the Court approved notice, and will have printed on the outside "Legal Notice and Opportunity to Join Lawsuit." To the extent the notice is undeliverable to potential plaintiffs' email or postal addresses, if necessary, the parties will confer within no more than five business days of plaintiffs' counsel so notifying Government counsel.

After notice is sent once by email and first-class mail, Plaintiff's counsel may send a second notice. The second notice will be identical to the first notice, except that Plaintiff's counsel may update the number of plaintiffs in the case at the time the second notice is sent. The second notice will be sent by first-class mail to potential plaintiffs from whom they have not received a consent form approximately 20 days before the deadline for receipt of consent forms. Likewise, for plaintiffs whose mailed notices were returned as undeliverable and who have not returned a consent form, Plaintiff's counsel may send a second identical notice by email if efforts to obtain a correct mailing address are unsuccessful. Plaintiff will bear the cost of sending a second postal mailing or email, which will not be reimbursed by the United States.

**IT IS SO ORDERED.**

        s/ Stephen S. Schwartz
        STEPHEN S. SCHWARTZ
        Judge